# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ISAAC ONAOLAPO | CIVIL ACTION |
| VERSUS | NO. 20-465-RLB |
| WAL-MART LOUISIANA, LLC | CONSENT |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. (R. Doc. 13). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

For the following reasons, the Court will grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's claims with prejudice.

### I.    Background

On or about February 13, 2020, Isaac Onaolapo ("Plaintiff"), who is proceeding *pro se*, filed this lawsuit against Wal-Mart Louisiana, LLC ("Defendant" or "Walmart") in the 19th Judicial District Court for the Parish of Baton Rouge, State of Louisiana. (Re. Doc. 1-1). Plaintiff alleges that on February 14, 2019, he was shopping at a Walmart store in Baton Rouge, Louisiana, where he purchased some emergency supplies for his stalled vehicle at a self-checkout register, but could not produce a receipt as he tried to exit. (R. Doc. 1-2 at 1). Plaintiff alleges that he was blocked from leaving by a Walmart manager and then directed by a police officer (at the direction of the Walmart manager) to wait inside an office with a closed door while camera footage was checked to determine whether Plaintiff had received a receipt. (R. Doc. 1-2 at 1). Among other things, Plaintiff seeks recovery for "public humiliation, mental and emotional anguish and stress arising from the unlawful detainment" resulting from the alleged "negligence and/or intentional actions" of Defendant. (R. Doc. 1-2 at 2).

On July 16, 2020, Defendant removed the action on the basis that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

On October 22, 2020, the parties consented to proceed before the undersigned in accordance with 28 U.S.C. § 636(c). (R. Docs. 5, 6).

On September 22, 2021, Defendant filed the instant Motion for Summary Judgment. (R. Doc. 13). Under Local Rule 7(f), Plaintiff had 21 days from service of the motion to file any opposition. Plaintiff has not filed an opposition as of the date of this ruling.

## II.    Law and Analysis

### A.    Legal Standards for Summary Judgment

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

A moving party must support an assertion that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Local Rule 56 details the requirements for statements of material facts. "A motion for summary judgment shall be supported by a separate, short, concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." LR 56(b)(1). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly converted." LR 56(f).

### B. The Undisputed Material Facts

The Court has reviewed the Defendant's Statement of Undisputed Material Facts (R. Doc. 13-2), which Defendant submitted in support of summary judgment. As there is no opposition to the instant Motion for Summary Judgment, or Opposing Statement of Material Facts under Local Rule 56(c), the Court concludes that the facts contained in Defendants' Statement of Undisputed Facts are admitted for the purposes of determining whether summary judgment is appropriate. *See* Fed. R. Civ. P. 56(e); LR 56(f)-(g).[1]

The following facts, which are derived from Defendant's Statement of Undisputed Facts, are undisputed:

On February 14, 2019, Plaintiff entered Walmart Store 1206 in Baton Rouge, Louisiana to purchase jumper cables. Plaintiff purchased the jumper cables at a self-checkout register and

---

[1] Defendant relies on statements made by Plaintiff in at his deposition. The deposition transcript filed into the record is dated October 30, 2020. (R. Doc. 13-4). That deposition was adjourned to provide Plaintiff the opportunity to seek counsel. It appears that Defendant inadvertently filed this deposition transcript (as opposed to a later deposition transcript relied upon in the Statement of Undisputed Material Facts) into the record. Regardless, Defendants' Statement of Undisputed Facts are admitted because they have not been controverted. *See* Fed. R. Civ. P. 56(e); LR 56(f)-(g).

received a receipt. Plaintiff then made his way towards the store exit, holding the jumper cables in his hand without a bag. A Walmart employee at the front of the store asked Plaintiff to produce a receipt, but Plaintiff could not locate or produce his receipt. The Walmart employee then told Plaintiff: "You can't leave without a receipt." A second Walmart employee stood in the exit, preventing Plaintiff from leaving the store.

A police officer then approached Plaintiff and told him to enter into an office while Walmart checked surveillance footage to verify whether Plaintiff purchased the jumper cables at the self-checkout register. Walmart checked the surveillance footage and confirmed that Plaintiff purchased the jumper cables. Once Walmart confirmed Plaintiff's purchase, Plaintiff was told that he was free to leave the store.

Plaintiff estimates that the whole incident lasted approximately five (5) to ten (10) minutes.

### C.    Defendant is immune from liability under La. C. Cr. P. art 215(A)(1)

In Louisiana, a merchant is immune from civil liability with respect to the detention of suspected shoplifter, if the merchant can meet the requirements of an authorized detention:

> A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer.

La. C. Cr. P. art. 215(A)(1).

The foregoing statute "provides authority to merchants to detain and question an individual suspected of shoplifting when the merchant has reasonable cause to believe that a theft has occurred, without subjecting the merchant to civil suits by the detained person." *Cariere v. The Kroger Store*, 208 So. 3d 987, 990 (La. App. 2d Cir. 2016) (citing *Mitchell v. Dillard Dep't*

*Stores, Inc.*, 772 So.2d 733, 736 (La. App. 5th Cir. 2000); *Freeman v. Kar Way, Inc.*, 686 So.2d 51, 54 (La. App. 3rd Cir. 1996)).

"To be entitled to civil immunity, a merchant must show that (1) the person effecting the detention must be a peace officer, a merchant, or a specifically authorized employee of a merchant; (2) the party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) unreasonable force may not be used in detaining the suspect for interrogation; (4) the detention must occur on the merchant's premises; and (5) the detention may not last longer than sixty minutes." *Cariere*, 208 So. 3d at 990 (citing *Rhymes v. Winn–Dixie La., Inc.*, 58 So.3d 1068, 1070 (La. App. 3rd Cir. 2011); *Freeman,* 686 So.2d at 54).

Here, the undisputed material facts establish that Defendant cannot be held liable for the alleged unlawful detention and associated claims of civil liability resulting from the detention. First, there is no dispute that the individuals who detained Plaintiff were Walmart employees and that Defendant is a merchant.

Second, Defendant had reasonable cause to detain Plaintiff given that he could not produce a receipt upon request and did not have the jumper cables in a store bag as he was attempting to leave the store. "Reasonable cause to detain is something less than probable cause and requires that the detaining officer [or merchant] have articulable knowledge of particular facts sufficiently reasonable to suspect the detained person of criminal activity." *Cariere*, 208 So. 3d at 990 (citing *Vaughn v. Wal-Mart Stores, Inc.*, 734 So.2d 156 (La. App. 5th Cir. 1999); *McNeely v. Nat'l Tea Co.*, 653 So.2d 1231 (La. App. 5th Cir. 1995)). Defendant has articulated uncontroverted particular facts (the lack of any receipt or bag as Plaintiff attempted to leave the store) that made it sufficiently reasonable to detain Plaintiff. *See Johnson v. Schwegmann Bros*, 397 So.2d 868 (La. App. 4th Cir. 1981) (merchant had reasonable cause to detain shopper where

he was asked whether he purchased bag of ice and could not produce receipt, but no claim for immunity could be made to the extent detention exceeded proof of payment from cashier).

Third, there is no dispute that Defendant did not use any unreasonable force in detaining Plaintiff. Plaintiff provides no testimony or evidence that any unreasonable force was used when he escorted to the office to wait for confirmation of his purchase.

Fourth, there is no dispute that Plaintiff was detained on Defendant's premises.

Fifth, there is no dispute that the detention ended upon confirmation of purchase and lasted less than sixty minutes.

Having considered the record, the Court concludes that Defendant has satisfied all elements under Louisiana Code of Criminal Procedure article 215(a)(1), and, therefore, is immune from civil liability with respect to Plaintiff's claims.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 13) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on November 24, 2021.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**